IN THE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| RUSS MCCULLOUGH, RYAN SAKODA, and MATTHEW ROBERT WIESE, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | No. 16-1231 |
| v. | |
| WORLD WRESTLING ENTERTAINMENT, INC., | |
| Defendant. | |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

Parties have a right to appeal from "final decisions of the district courts." 28 U.S.C. § 1291. If one case is consolidated with other cases but then is dismissed, this Court has held that the dismissal is not a "final decision," with a few exceptions, and an appeal is not allowed absent certification under Fed. R. Civ. P. 54(b). But the Supreme Court recently held, in the context of cases consolidated for purposes of multi-district litigation, that where consolidated cases "retain their separate identities" an order dismissing one case was a "final decision." *Gelboim v. Bank of America Corp.*, 135 S. Ct. 897, 904 (2015). In light of this decision, it

1

appears that this Court should revisit its decision in *Hageman v. City Investing Co.*, 851 F.2d 69, 71 (2d Cir. 1988), upon which Appellee relies.

A district court may consolidate cases for different reasons, and it may consolidate cases for different purposes. Here, six cases were eventually consolidated, presumably under Fed. R. Civ. P. 42, but not under any particular subsection of that rule. Five cases involved claims by former wrestlers against World Wrestling Entertainment, Inc. ("WWE") relating to brain injuries.[1] The sixth was a case filed by WWE against four other wrestlers seeking a declaratory judgment that claims of other wrestlers were time barred.[2] The relevant order of consolidation (#41), entered by the District Court *sua sponte*, stated in full:

> ORDER CONSOLIDATING CASES: This case [*McCullough*] shall be consolidated with *Singleton et al v. World Wrestling Entertainment, Inc.*, 3:15-CV-00425-VLB, and *World Wrestling Entertainment, Inc. v. Windham et al*, 3:15-CV-00994-VLB. This case shall be the lead case, and all future filings should be docketed ONLY on this docket sheet. Defendant WWE shall file notice of intent to rely on its Motion to Dismiss filed in 3:15-CV-00425-VLB by 8/6/15. Any and all additional responsive pleadings in this consolidated action are due by 8/27/15.

---

[1] *McCullough v. World Wrestling Entertainment, Inc.*, No. 3:15CV1074 (VLB); *Singleton, et al. v. World Wrestling Entertainment, Inc.*, No. 3:15CV425 (VLB); *Haynes v. World Wrestling Entertainment, Inc.*, No. 3:15CV1156 (VLB); *Frazier v. World Wrestling Entertainment, Inc.*, No. 3:15CV1305 (VLB); *James v. World Wrestling Entertainment, Inc.*, No. 3:15CV1229 (VLB).

[2] *World Wrestling Entertainment, Inc. v. Windham, et al.*, No. 3:15CV00994 (VLB).

The Clerk of the Court issued a notice addressing certain procedural aspects of the consolidation. (#44, attached). A fourth case was consolidated on August 4, 2015. (#49, attached). Two additional cases were consolidated on October 5, 2015 (#79) ("ORDER consolidating cases. Case number 15-cv-1229 AND case number 15-cv-1305 shall both be consolidated into this case. This case, docket number 15-cv-1074, shall be the lead case."), and a similar notice issued (#81).

None of the consolidation orders stated that the six cases were consolidated for all purposes. "There is here . . . no indication that the court below intended a physical merger of claims or that one was accomplished despite the court's intent." *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1358 (2d Cir. 1975). "[T]he order did not merge [the cases] . . . but was only a convenience, accomplishing no more than to obviate the duplication of papers and the like." *Greenberg v. Giannini*, 140 F.2d 550, 552 (2d Cir. 1944). There is no claim, or even a suggestion, that the six cases consolidated here could have been filed in a single complaint. *Compare Ringwald v. Harris*, 675 F.2d 768, 771 (5th Cir. 1982) (if consolidated cases could have been brought as one action, separate appeals not permitted without certification); *Ivanov-McPhee v. Washington Nat'l Ins. Co.*, 719 F.2d 927, 930 (7th Cir. 1983) (when consolidated actions could have been brought as one action, separate appeal is not permissible without certification).

The District Court entered an order dismissing *McCullough* and *Haynes*. WWE has attached the relevant order to its motion. The plaintiffs in *McCullough,*

*et al. v. WWE*, No. 16-1231, and in *Haynes v. WWE*, No. 16-1237, filed timely notices of appeal from the order of dismissal. Plaintiffs did not seek certification under Rule 54(b); the certification procedure applies to multiple claims or parties in "an action."

The Supreme Court recently held -- in the context of a consolidation for multi-district litigation -- that "[c]ases consolidated for MDL pretrial proceedings ordinarily retain their separate identities, so an order disposing of one of the discrete cases in its entirety should qualify under § 1291 as an appealable final decision." *Gelboim*, 135 S. Ct. at 904. This decision reversed a Second Circuit order that had dismissed the appeal, 2013 U.S. App. LEXIS 26157 (2d Cir. Oct. 30, 2013). That dismissal relied on *Hageman v. City Investing Co.*, 851 F.2d 69 (2d Cir. 1988). *Hageman*, in turn, held

> [W]hen there is a judgment in a consolidated case that does not dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent Rule 54(b) certification. In highly unusual circumstances, a litigant may be able to overcome this presumption and convince us that we should consider the merits of the appeal immediately, rather than waiting for a final judgment.

*Id.* at 71.

Under *Hageman*, an order in one consolidated case is not a "final order," regardless of the reason for or scope of consolidation. *Gelboim* noted that the Second Circuit "does not differentiate between all-purpose consolidations" and "§ 1407 consolidations for pretrial proceedings only." *Gelboim*, 135 S. Ct. at 904 n.2.

4

But in *Gelboim*, the Court stated that, where consolidated cases "retain their separate identities" as in the MDL context, an order dismissing one case was a "final order." *Gelboim*, 135 S. Ct. at 904. Thus, the question raised by the pending motion is whether, under the principles of *Gelboim,* the rule of *Hageman* still controls in the Rule 42(a) context, at least where the consolidation is not expressly an "all-purpose" consolidation.

This issue has deeply divided courts of appeal before *Gelboim*. One commentator summarized the various approaches:

> Under Rule 42(a), actions involving a common question of law or fact may be consolidated for purposes of judicial economy. Cases may be consolidated for limited purposes, such as development of a discovery plan, or may be consolidated for all purposes including trial and judgment. For example, when several plaintiffs sue over the same allegedly defective product, combining certain of the proceedings may facilitate disposition of all the actions.

> The courts of appeals have disagreed over whether a Rule 54(b) certification is necessary for an immediate appeal when judgment is reached in one or more but fewer than all of the consolidated actions. Some cases state that consolidated actions retain their separate character under any circumstance, so an order entirely disposing of one of the consolidated actions is final and appealable, and a Rule 54(b) certification is unnecessary. Conversely, other cases hold that consolidation merges the actions into one and that certification is necessary to appeal an order disposing of fewer than all of the consolidated actions. Yet a third group of courts has held that the necessity of certification depends on the extent of the consolidation and the purposes for which consolidation was ordered. Under this view, if consolidation was intended to be complete, the actions are merged for all purposes, and Rule 54(b) certification is necessary. On the other hand, if consolidation was for a limited purpose (e.g, discovery or other pretrial proceedings), the actions retain their separate character, and no Rule 54(b) certification is required.

5

10-54 *Moore's Federal Practice - Civil* § 54.29[7][a]; *see also* 15A C. Wright, A.

Miller & E. Cooper, *Federal Practice and Procedure* § 3914.7 (2d ed. 1992 &

Supp.) ("The courts of appeals have not yet agreed upon a single approach to these

problems, although the most common approach is to rely upon the purpose and

extent of the consolidation or severance."); Comment, *The Appealability of Partial*

*Judgments in Consolidated Cases*, 57 U. Chi. L. Rev. 169, 178 (1990) (appellate

courts have taken three approaches, "the per se rule that partial judgments in

consolidated cases are always final judgments; the flexible approach; and the per

se rule that Rule 54(b) certification is required for finality").

The Second Circuit holds that dismissals of fewer than all consolidated cases

are strongly presumed not to be "final orders," with a narrow exception in "highly

unusual circumstances." *Hageman*, 851 F.2d at 71.[3]  *Hageman* "does not

differentiate between all-purpose consolidations" or consolidations "for pretrial

purposes only." *Gelboim*, 135 S. Ct. at 904 n.2.  The Federal, Ninth and Tenth

---

[3] At least according to the Supreme Court, "the Second Circuit has not elaborated on what those circumstances might be." *Gelboim*, 135 S. Ct. at 904.  One circumstance is where it appears that the district court intended to enter a final judgment or Rule 54(b) certification but inadvertently failed to do so. *Kamerman v. Steinberg*, 891 F.2d 424, 429 (2d Cir. 1989); *see also Vona v. County of Niagara*, 119 F.3d 201 (2d Cir. 1997); *cf. Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 172 (2d Cir. 2002) ("[A] premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice.").

6

Circuits also require resolution of all consolidated cases in order to find a "final order." *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996); *Huene v. United States*, 743 F.2d 703, 705 (9th Cir. 1984); *Trinity Broadcasting Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir. 1987).

Other circuits hold that appellate jurisdiction should be examined on a case-by-case basis, depending in substantial part on the purposes or extent of the consolidation. *Bergman v. City of Atlantic City*, 860 F.2d 560, 566-67 (3d Cir. 1988) (when actions are consolidated for all purposes, judgment in one but not all actions is not appealable absent Rule 54(b) certification); *Eggers v. Clinchfield Coal Co.*, 11 F.3d 35, 39 (4th Cir. 1993); *Ringwald v. Harris*, 675 F.2d 768, 771 (5th Cir. 1982) (if consolidated cases could have been brought as one action, separate appeals not permitted without certification); *Ivanov-McPhee v. Washington Nat'l Ins. Co.*, 719 F.2d 927, 930 (7th Cir. 1983) (when consolidated actions did not retain separate identities and actions could have been brought as one action, separate appeal is not permissible without certification);[4] *Tri-State Hotels, Inc. v. Fed. Deposit Ins. Corp.*, 79 F.3d 707, 711 (8th Cir. 1996) (when

---

[4] *Gelboim* cited the Seventh Circuit's approach: if cases are consolidated for all purposes, dismissal of one case is not a final order; but if they are only consolidated for pretrial purposes, it is a final order. 135 S. Ct. at 904 n.4 (citing *Brown v. United States*, 976 F.2d 1104, 1107 (7th Cir. 1992). The Court declined to express an opinion "on whether an order deciding one of multiple cases combined in an all-purpose consolidation qualifies as a final decision appealable as of right." *Gelboim*, 135 S. Ct. at 904 n.4; *see also id.* at 906 n.7.

consolidated actions not formally merged for all purposes but only for convenience, appeal in one action allowed); *Lewis Charters, Inc. v. Huckins Yacht Corp.*, 871 F.2d 1046, 1048-49 (11th Cir. 1989) (if consolidation is for limited purposes and each action retains separate identity, appeal of one of two consolidated actions allowed); *Phillips v. Heine*, 984 F.2d 489, 490 (D.C. Cir. 1993) (if actions consolidated for all purposes, time for appealing order disposing of only one action does not begin to run until all cases resolved); *United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 216-17 (D.C. Cir. 2003).[5]

---

[5] *Moore's Federal Practice* also suggests that the purposes of the consolidation should control:

> Each of these approaches to the consolidation problem has some advantages. The extreme positions (i.e., that Rule 54(b) certification is either completely unnecessary or is always essential) are both clear and easy to apply, so a party knows the effect of an order disposing of one of several consolidated actions. The middle ground (i.e., that the necessity for Rule 54(b) certification depends on the extent and purposes of the consolidation) requires the parties to make an educated guess about the effect of the order. Despite this uncertainty, the middle ground is the best solution, for it avoids a rigid rule that might be prejudicial and permits the court to resolve the finality issue on a case-by-case basis. When cases are consolidated for discovery or other pretrial purposes only, a Rule 54(b) certification should not be required if one of the cases is quickly disposed of in that process. At the same time, in the event of complete consolidation, the case should proceed as a single judicial unit, and this conclusion should remain in the context of appeal unless the court certifies its disposition of one of the consolidated actions under Rule 54(b). The loss of certainty in the effect

*Gelboim* found compelling the fact that cases consolidated for MDL purposes under 28 U.S.C. § 1407 "retain their separate identities, so an order disposing of one of the discrete cases in its entirety should qualify under § 1291 as an appealable order." 135 S. Ct. at 904. But consolidation under Rule 42(a) may also lead to cases retaining their separate identities.

District judges may consolidate cases that have a common question of law or fact. Fed. R. Civ. P. 42(a). But "[c]onsolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933) (considering predecessor statute to Rule 42); *see also Katz*, 521 F.2d at 1358 ("consolidation is a procedural device designed to promote judicial economy and that consolidation cannot affect a physical merger of the actions or the defenses of the separate parties"); *Cole v. Schenley Industries, Inc.*, 563 F.2d 35, 38 (2d Cir. 1977) ("consolidation cannot effect a merger of the actions or the defenses of the separate parties. It does not change the rights of the parties in the separate suits"); *Harris v. Ill-Cal. Exp., Inc.*, 687 F.2d 1361 (10th Cir. 1982)

---

of the order is more than compensated for by the increased efficiency in appellate disposition of the consolidated actions.

10-54 *Moore's Federal Practice – Civil* § 54.29[7][a].

9

("[C]onsolidation does not merge separate suits into one cause of action.");
*McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("consolidation is an artificial link forged by a court for the administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's facade, lie two individual cases"). If a consolidation order does not overcome those separate identities, it appears that an order dismissing one of several consolidated cases should, under the principles of *Gelboim*, be immediately appealable.

To be sure, the Court in *Gelboim* noted that various policy reasons specific to the MDL context supported its conclusion. 135 S. Ct. at 905. But that does not appear to have affected its foundational determination that the consolidated cases maintained their "separate identities." Moreover, some of these policy reasons also apply in the Rule 42(a) context. Although disallowing an immediate appeal in the MDL context "would leave plaintiffs. . . in a quandary about the proper timing of their appeals," *id.*, a similar (although clearly less troublesome) concern applies under *Hageman* regarding the exception to the rule.

In any event, it does not appear that this Court has had occasion to consider whether *Gelboim* affects *Hageman*, at least in a published opinion. But it does appear likely that, in light of *Gelboim*, the most reasonable conclusion is that where cases are consolidated only for administrative purposes – whether under § 1407 or Rule 42(a) – they maintain their separate identities and an immediate appeal is authorized without certification. *Hampton*, 318 F.3d at 216 ("the clear

10

implication" of disallowing an immediate appeal when cases are consolidated for all purposes is that when cases are *not* consolidated for all purposes "a judgment entirely disposing of any one of the cases might be considered final and appealable"). *See In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d 439, 441-42 (1st Cir. 1972) (relying in part on *Johnson* to allow appeal from dismissal of consolidated case); *Kraft, Inc. v. Local Union 327, Teamsters, Chauffeurs, etc.*, 683 F.2d 131, 133 (6th Cir. 1982). A consolidation for all purposes might (or might not[6]) lead to a different result.

In light of *Gelboim* and the narrow scope of the consolidation order in this case, the Court should deny the motion to dismiss the appeal.

---

[6] In *Gelboim*, the Court stated that it was "express[ing] no opinion on whether an order deciding one of multiple cases *combined in an all-purpose consolidation* qualifies under § 1291 as a final decision appealable as of right." *Id.* at 904 n.4 (emphasis added) (citing *Brown v. United States*, 976 F.3d 1104, 1107 (7th Cir. 1992)). *But cf. Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). In *Brown*, the court held that cases consolidated for all purposes "become a single judicial unit," while a limited consolidation means that "a decision disposing of all the claims in only one of the cases is a final decision subject to immediate appeal." *Brown*, 976 F.2d at 1107 (cited in *Gelboim*, 135 S. Ct. at 904 n.4). *Brown* did not involve an MDL consolidation. This Court has decided in the context of an all-purpose consolidation that an order dismissing fewer than all of the cases was not immediately appealable. *Houbigant, Inc. v. IMG Fragrance Brands, LLC*, 627 F.3d 497, 497-98 (2d Cir. 1997) (dismissing appeal where three cases "consolidated for all purposes").

THE PLAINTIFFS-APPELLANTS

By */s/ William M. Bloss*
William M. Bloss
KOSKOFF, KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: 203-336-4421
Facsimile: 203-368-3244
bbloss@koskoff.com

Konstantine W. Kyros
KYROS LAW OFFICES
17 Miles Rd.
Hingham, MA 02043
Telephone: (800) 934-2921
Facsimile: 617-583-1905
kon@kyroslaw.com

Charles J. LaDuca
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
charles@cuneolaw.com

Michael J. Flannery
CUNEO GILBERT & LADUCA, LLP
7733 Forsyth Boulevard, Suite 1675
St. Louis, MO 63105
Telephone:(314) 226-1015
Facsimile:(202)789-1813
mflannery@cuneolaw.com

Robert K. Shelquist
Scott Moriarity
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Ave., S., Suite 2200
Minneapolis, MN 55401-2179
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
samoriarity@locklaw.com

Harris L. Pogust, Esquire
Pogust Braslow & Millrood, LLC
Eight Tower Bridge
161     Washington     Street     Suite     940
Conshohocken, PA 19428
Telephone: (610) 941-4204
Facsimile: (610) 941-4245
hpogust@pbmattorneys.com

Erica Mirabella
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: 617-580-8270
Facsimile: 617-580-8270
Erica@mirabellaLLC.com

***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May 2016, this document was electronically filed via the Court's authorized electronic filing service which will send notifications of filing to all counsel of record.

_____ /s/William M. Bloss

LEAD CASE:  3:15-cv-01074 (VLB) - Russ McCullough et al v. World Wrestling Entertainment Inc.


MEMBER CASES:  3:15-cv-00425 (VLB) - Singleton et al v. World Wrestling Entertainment, Inc.

:  3:15-cv-00994 (VLB) - World Wrestling Entertainment, Inc v. Windham et al


NOTICE TO COUNSEL


The above-captioned cases have been ordered consolidated pursuant to an order entered by Judge Vanessa L. Bryant.  The following provisions will govern the procedural aspects of the consolidation:

1.  The clerk will maintain a **LEAD CONSOLIDATED DOCKET SHEET AND FILE** in case number 3:15cv1074 (VLB)

2.  All captions shall include **ONLY** the **LEAD CONSOLILDATED CASE NAME AND DOCKET NUMBER**.

3.  The parties and counsel from each member case will be added to the docket of the **LEAD CONSOLIDATED DOCKET SHEET** and the member cases will be closed without prejudice to the right of any party to move to reopen upon resolution of the **LEAD** case.

4.  All docketing shall be made **ONLY** on the **LEAD CONSOLIDATED DOCKET SHEET**.

5.  Any pending motions from the member cases will be re-docketed on the **LEAD CONSOLIDATED DOCKET SHEET**.

6.  In the event an appeal is taken by one or more parties from a decision or judgment of
    this court, or in the event copies of the file are needed outside the district for any reason,
    it shall be the duty of the requesting party to certify the record required.  It shall
    then be the responsibility of counsel who originally prepared or filed any documents to
    furnish, upon request, sufficient copies to the clerk for transmittal of the record.  Copies
    requested shall be furnished within ten (10) days.

Dated at Hartford, CT, this 23rd day of July, 2015.


ROBERTA D. TABORA, CLERK


By:  /s/ Barbara Grady

Deputy Clerk

LEAD CASE: 3:15-cv-1074 (VLB

MEMBER CASES:   3:15-cv-00425 (VLB) - Singleton et al v. World Wrestling Entertainment, Inc.
:   3:15-cv-00994 (VLB) - World Wrestling Entertainment, Inc v. Windham et al
:   3:15-cv-01156 (VLB) - Haynes III v. World Wrestling Entertainment, Inc.

### NOTICE TO COUNSEL

The above-captioned cases have been ordered consolidated pursuant to an order entered by Judge Vanessa L. Bryant.  The following provisions will govern the procedural aspects of the consolidation:

1. The clerk will maintain a **LEAD CONSOLIDATED DOCKET SHEET AND FILE** in case number  3:15-cv-1074 (VLB.   All captions shall include **ONLY** the **LEAD CONSOLILDATED CASE NAME AND DOCKET NUMBER**.

2. The parties and counsel from each member case will be added to the docket of the **LEAD CONSOLIDATED DOCKET SHEET** and the member cases will be closed without prejudice to the right of any party to move to reopen upon resolution of the **LEAD** case.

    All docketing shall be made **ONLY** on the **LEAD CONSOLIDATED DOCKET SHEET**.

3. Any pending motions from the member cases will be re-docketed on the **LEAD CONSOLIDATED DOCKET SHEET**.

4.  In the event an appeal is taken by one or more parties from a decision or judgment of

this court, or in the event copies of the file are needed outside the district for any reason,

it shall be the duty of the requesting party to certify the record required.  It shall

then be the responsibility of counsel who originally prepared or filed any documents to

furnish, upon request, sufficient copies to the clerk for transmittal of the record.  Copies

requested shall be furnished within ten (10) days.

Dated at Hartford, Connecticut, this 4th  day of August.


ROBIN D. TABORA, Clerk


By:  /s/ Barbara Grady

Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEAD CASE:    3:15cv01074 (VLB) Russ McCullough et al v. World Wrestling Entertainment Inc.

MEMBER CASES: 3:15cv00425 (VLB) Singleton et al v. World Wrestling Entertainment, Inc.

3:15cv00994 (VLB) World Wrestling Entertainment, Inc. v. Windham et al

3:15cv01156 (VLB) Haynes III v. World Wrestling Entertainment, Inc.

3:15cv01229 (VLB) Frazier v. World Wrestling Entertainment, Inc.

3:15cv01305 (VLB) James v. World Wrestling Entertainment, Inc.

## NOTICE TO COUNSEL

The above-captioned cases have been ordered consolidated pursuant to an order entered by Judge Vanessa L. Bryant. The following provisions will govern the procedural aspects of the consolidation:

1. The clerk will maintain a **LEAD CONSOLIDATED DOCKET SHEET AND FILE** in case number 3:15cv01074 All captions shall include **ONLY** the **LEAD CONSOLILDATED CASE NAME AND DOCKET NUMBER**.

2. The parties and counsel from each member case will be added to the docket of the **LEAD CONSOLIDATED DOCKET SHEET** and the member cases will be closed without prejudice to the right of any party to move to reopen upon resolution of the **LEAD** case.

3. All docketing shall be made **ONLY** on the **LEAD CONSOLIDATED DOCKET SHEET**.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

4.  Any pending motions from the member cases will be re-docketed on the **LEAD CONSOLIDATED DOCKET SHEET**.

5.  In the event an appeal is taken by one or more parties from a decision or judgment of this court, or in the event copies of the file are needed outside the district for any reason, it shall be the duty of the requesting party to certify the record required.  It shall then be the responsibility of counsel who originally prepared or filed any documents to furnish, upon request, sufficient copies to the clerk for transmittal of the record.  Copies requested shall be furnished within ten (10) days.

Dated at Hartford, Connecticut, this 5th day of October, .

ROBIN D. TABORA, Clerk

By:  /s/ Barbara Grady

Deputy Clerk