IN THE

# United States Court of Appeals for the Second Circuit

RUSS MCCULLOUGH, RYAN
SAKODA and MATTHEW
ROBERT WIESE, individually
and on behalf of all others
similarly situated,

    Appellants,

    *vs.*

WORLD WRESTLING
ENTERTAINMENT, INC.,

    Appellee.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 16-1231

## REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION

World Wrestling Entertainment, Inc. ("WWE"), offers the following reply in further support of its motion to dismiss this appeal for lack of appellate jurisdiction.

## I. Introduction

Appellants concede that, under *Hageman v. City Investing Co.,* 851 F.2d 69 (2d Cir. 1988), there is not yet a final order from which they

could take an appeal. They do not seek to persuade the Court that any exception to *Hageman* applies.[1]

Instead, Appellants argue that *Hageman*'s vitality is undermined by the Supreme Court's decision in *Gelboim v. Bank of America Corp.*, No. 135 S.Ct. 897 (2015); they invite this Court to "revisit" *Hageman;* and they describe tests from other circuits that this Court might wish to cobble together into a standard that would allow this appeal to proceed.

The Court should decline the invitation. First, in *Gelboim,* the Supreme Court relied on a number of considerations, most of which have no application to a Rule-42 consolidation case like the one in this case so that there is no reason to believe that *Gelboim,* which involved the undeniably different multidistrict-litigation scenario, implicitly overruled *Hageman*. Second, if there were a reason for the Court to revisit *Hageman,* this case would present a poor vehicle for that reconsideration.

---

[1]     *Hageman* refers to the possibility of an exception for "highly unusual circumstances." The appellants here do not argue that their appeal qualifies for this exception and, so, there is no need to consider it further.

2

## II. Argument

### A. Hageman *remains controlling authority in this circuit.*

*Hageman* remains good law regarding appealability in the Rule-42 context because the Supreme Court's decision in *Gelboim* is distinguishable. As the Supreme Court noted in *Gelboim,* this Circuit has applied the *Hageman* rule both to Rule-42 consolidations and to MDL situations. *See* 135 S.Ct. at 904 n.2. *Gelboim* rejected the *Hageman* rule in the MDL context but *Gelboim* did not purport to address whether *Hageman* properly states the law in the distinguishable Rule-42 context.

In *Gelboim,* Justice Ginsburg described the material attributes of the multidistrict litigation ("MDL") process under 28 U.S.C. § 1407. The Judicial Panel on Multidistrict Litigation may transfer cases involving common questions "to any district for coordinated or consolidated pretrial proceedings" in order to "promote the just and efficient conduct of such actions." § 1407(a). Critically, it is understood at the outset that, unless they are for some reason dismissed by the MDL transferee court (or otherwise terminated, perhaps by settlement), all of the transferred cases will be returned to their transferor district courts. *Id.* Thus, it is

no surprise that the Supreme Court held in *Gelboim* that cases collected in an MDL "ordinarily retain their separate identities." 135 S.Ct. at 904.

That characteristic of MDL cases—that they retain their separate identities because they are being administered together only for discrete purposes but will ultimately return to their transferor courts—is not generally present in cases consolidated under Rule 42. Consider this case and those with which Judge Bryant consolidated it. The district judge's order gave no indication that she intends the cases to be severed at some point in the future. To the contrary, she ordered that all filings be made to the single docket number for the case she designated as the "lead" case, she ordered the dockets for the other cases closed and her March 21, 2016, memorandum of opinion addressed three of the five consolidated cases together, leaving only the two wrongful-death cases for future decision.

In *Gelboim,* the Supreme Court discussed a concern that plaintiffs in MDL cases would be placed in a quandary by a rule that no appeal right accrues until all claims in all actions are resolved.

> If plaintiffs whose actions have been dismissed with prejudice by a district court must await the termination of

> pretrial proceedings in all consolidated cases, what event or
> order would start the 30-day clock? When pretrial
> consolidation concludes, there may be no occasion for entry
> of any judgment. Orders may issue returning cases to their
> originating courts, but an order of that genre would not
> qualify as the dispositive ruling Gelboim and Zacher seek to
> overturn on appeal. And surely would-be appellants need not
> await final disposition of all cases in their originating
> districts, long after pretrial consolidation under § 1407 could
> even arguably justify treating the cases as a judicial unit.

135 S.Ct. at 905. There is no such uncertainty in the application of

*Hageman* to Rule-42 consolidation. Just as in any other multiple-party,

multiple-claim case, the entry of a final judgment on the last remaining

claim in the consolidated cases triggers the finality of all previous

orders such that the appeal clock begins to run. Moreover, unlike in an

MDL case in which the plaintiffs might complain about the difficulty of

following each case back to its transferor court to see when it concluded,

a case consolidated under Rule 42 remains before the same district

court, and counsel would have little difficulty knowing when the final

order has been entered.

This case is a good example. As noted, Judge Bryant ordered the

cases consolidated and required all filings to be made to a single, lead

docket number. Thus, counsel for every party in all of the consolidated

cases will receive notice of every filing in all of the other cases. In these

particular cases, there is another response to the *Gelboim* concern about

uncertainty: all of the plaintiffs in the consolidated cases are represented by the same counsel, so they cannot be heard to suggest that they will not have immediate notice when a final order is entered.

*Gelboim* is distinguishable, and there is no reason to interpret it as drawing into question *Hageman*'s continuing validity with respect to Rule-42 consolidation.

Most of the remainder of the appellants' opposition brief focuses on the rules applied by other circuits. But that discussion is irrelevant since *Hageman* remains the law in this circuit.

Even if that discussion were not irrelevant, it would not in the main help the appellants' position. For example, they point to cases from the Fifth and Seventh Circuit for the proposition that a separate appeal is not permitted if the consolidated cases could have been brought as one action. *See* Appellants' Opp. Br. at 3. Appellants presumably cite these cases with the assumption that the converse is true: if the cases could not have been brought as a single action, a separate appeal is permitted. But the argument founders at the first step. With the exception of WWE's declaratory-judgment action *(Windham)*, all of the consolidated cases could in fact have been brought

6

in a single complaint. Reduced to their essence, the complaints allege that WWE ignored, downplayed or failed to disclose risks associated with traumatic brain injuries that wrestlers allegedly sustained while they performed for WWE. There is no reason all of those claims could not have been brought in a single action.[2] (Indeed, the pleadings demonstrate that the plaintiffs themselves thought so since Messrs. McCullough, Sakoda and Wiese filed a single complaint and purported to represent a class that would presumably have included most if not all of the other plaintiffs; Messrs. Singleton and LoGrasso filed a single complaint; and Mr. Haynes filed a complaint and purported to represent a class that would presumably have included most if not all of the other plaintiffs.)[3]

The Court need not review the rules and supporting rationales of other circuits. *Hageman* remains controlling law in this circuit, and it requires dismissal of this appeal for lack of jurisdiction.

---

[2]     Federal Rule of Civil Procedure 20(a)(1) allows plaintiffs to join together in one action when "they assert any right to relief jointly, severally, or in the alternative with respect to or arising from the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Here, all of the plaintiffs make claims that arise from WWE's conduct with respect to alleged risks of traumatic brain injury.

[3]     WWE does not concede that any of these cases could warrant class certification. It notes only what the plaintiffs alleged.

B.    *This case would be a poor vehicle for the Court to revisit* Hageman.

Even if there were a reason to question *Hageman*'s continuing vitality, this case presents a poor vehicle.

First, allowing this appeal to proceed would engender piecemeal appeals. In its March 21, 2016, order, the district court dismissed four claims common to the three consolidated cases under consideration, and it allowed only one claim—the allegation of fraudulent omission in *Singleton/LoGrasso*—to proceed. WWE has sought reconsideration of the district court's refusal to dismiss that single claim.[4] Even if the district court denies reconsideration, the discovery period is set to conclude on June 1, 2016, with summary-judgment motions due just two months later. The district judge has expressed skepticism about the remaining claim in *Singleton/LoGrasso* and for good reason; there is no evidentiary support for it. Thus, whether by reconsideration or summary judgment, there is significant reason to believe the district court will in the near term enter the final order *Hageman* requires for there to be an appeal. If the Court proceeds to consider this appeal now,

---

[4]    WWE's reconsideration motion is Doc. No. 119 on the district court docket under No. 3:15-cv-1074 (VLB). As the Court can see if it chooses to review the motion and subsequent briefing, there is a strong case for reconsideration.

it will almost certainly be confronted with another appeal raising similar claims in just a few months. There is no need for or benefit from such piecemeal review.

Second, as demonstrated above, *Hageman* remains good law. Even if that were in meaningful doubt, there is no reason for the Court to use this case as a vehicle to examine the issue. The case is before the Court on a motion and without full briefing. Moreover, the appellants would suffer no prejudice if the Court were to enforce its existing precedent. The Court would dismiss the appeal without prejudice to the appellants' right to file a new notice of appeal when there is a final order. As WWE explains above, the appellants face no danger of not knowing when that final order is entered since their counsel represent the plaintiffs in *Singleton/LoGrasso,* the case with remaining claims.

## III.  Conclusion

*Hageman* remains the law in this circuit, and the Court should enforce it by dismissing this appeal for lack of appellate jurisdiction.

Respectfully submitted,

Jeffrey Mueller
DAY PITNEY LLP
242 Trumbull St.
Hartford, CT  06103
(860) 275-0100

s/ David R. Fine
Jerry S. McDevitt
Curtis B. Krasik
K&L GATES LLP
K&L Gates Center
210 Sixth Ave.
Pittsburgh, PA  15222
(412) 355-6500

David R. Fine
K&L GATES LLP
Market Square Plaza
17 North Second St., 18th Fl.
Harrisburg, PA 17101
(717) 231-4500

May 13, 2016

*Counsel for Appellee World
Wrestling Entertainment, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on May 13, 2016, I filed the attached reply with the Court's ECF system such that all counsel will receive service automatically.


<u>/s/ David R. Fine</u>